IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROCHELLE SIMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO.:  4:16-cv-3212 |
| § | |
| WELLS FARGO BANK, N.A. § | JURY DEMANDED |
| § | |
| § | |
| § | |
| § | |
| Defendants, § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff, Rochelle Sims brings this action against Defendants Wells Fargo Bank, N.A. cause of action and would respectfully show the Court as follows:

**I.**
**PARTIES**

1. Plaintiff Rochelle Sims is an individual residing in Houston, Harris County, Texas.

2. Defendant Wells Fargo Bank, N.A. is a foreign for-profit corporation and may be served with process through its registered agent Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E.7th Street, Suite 620 Austin, Texas 78701-3218.

## II.
### JURISDICTION

3. The Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff alleging a claim arising under the laws of the United States.

## III.
### VENUE

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court of the Southern District of Texas, Houston Division, as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## IV.
### FACTS

5. Plaintiff began her employment as a Store Manager with Defendant Wells Fargo's predecessor entity Wachovia on November 14, 2004. She performed well in her role earning numerous commendations and awards from both Wachovia and Wells Fargo throughout her tenure. In 2013 she was recognized as the top manager in a number of statistical categories for Wells Fargo's 59 Southwest District.

6. While completing performance evaluations for her staff members in February of 2015 Ms. Sims became aware that she was being paid substantially less than her male subordinate Abdul Hannan. Mr. Hannan was hired by Wells Fargo as a Business Specialist in May of 2014 reporting directly to Ms. Sims. In one of their first interactions, Mr. Hannan disclosed to Ms. Sims that he would only remain in the position of Business Specialist for a short period of time He also stated that District Manager Riad Ali had promised him that he would be promoted to Store Manager prior to accepting the position.

7.    Shortly after becoming aware that she was being paid less than her male subordinate, Ms. Sims reported her concerns to District Manager Riad Ali.  She subsequently learned that she was being paid less than all of the Store Managers in her district.  Despite the real and serious implications of Ms. Sims' complaint, Mr. Ali never took any action to address her concerns.  Frustrated with Ms. Ali's failure to respond, Ms. Sims reported concerns about her pay disparity directly to Wells Fargo's Human Resources department on March 3, 2015.  After contacting the Human Resources department on several occasions, the Company failed to take any action to address her concerns.

8.    In March of 2015 Ms. Sims again raised the issue of her compensation at an in person meeting with Mr. Ali.  As had on previous occasions, Mr. Ali sought to avoid the subject all together.  Rather than address the issue on this occasion he changed the subject to Ms. Sims' performance as a Store Manager.  In response to her complaint regarding her pay disparity he gave her an ultimatum…she could either take a demotion from Store Manager to Business Banker or "we will eat your lunch."  Despite Mr. Ali's colorful vernacular the message was very clear that unless Ms. Sims took the demotion she would be fired.  Concerned about her ability to provide for her family, Ms. Sims heeded Mr. Ali's warning and accepted the demotion.

9.    Ms. Sims was humiliated that she had been demoted for simply speaking up.   Adding further insult, Ms. Sims was replaced as Store Manager by her male subordinate Abdul Hannan just as he had predicted.  In addition to her demotion, Ms. Sims was transferred to the Company's Rosenberg, Texas location where she reported to Store Manager Shawn Smith.

10.   As a direct result of her demotion and transfer, Ms. Sims began to experience the physical manifestations of stress and anxiety.  In April of 2015 she was placed on a medical

leave of absence and diagnosed with ulcerative colitis. She returned from leave of absence in November 2015 where she continues in her demoted role of Business Specialist.

## V.
## CONDITIONS PRECEDENT

11. All conditions precedent have occurred or been complied with: a Charge of Discrimination was filed jointly with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission-Civil Rights Division ("TWC-CRD") and Plaintiff's Original Complaint is filed within ninety days of receipt of the EEOC's issuance of a Right to Sue.

## VI.
## CAUSES OF ACTION
## TITLE VII GENDER DISCRIMINATION

12. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

13. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual" because of that individual's sex. See 42 U.S.C. § 2000e-2(a)(1).

14. Pursuant to 42 U.S.C. § 2000e-2 Plaintiff Rochelle Sims pleads a cause of action against the Defendant Wells Fargo, N.A. for gender discrimination.

15. Defendant engaged in discrimination against Plaintiff by paying her substantially less than her male colleagues.

16. Plaintiff reported the disparity in her pay to both her supervisor and the Defendant's Human Resources Department. Despite Plaintiff's reports, the Defendant never addressed her complaints and ultimately demoted her in favor of her male subordinate.

17. Plaintiff alleges that the Defendant paid her less than her male subordinate and colleagues in violation of Title VII of the Civil Rights Act of 1964.

## VII.
## CAUSES OF ACTION
## TITLE VII RACE DISCRIMINATION

18. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "fail or refuse to hire or to discharge an individual, or otherwise discriminate against any individual because of that individual's race."  See 42 U.S.C. § 2000e-2.

19. Pursuant to 42 U.S.C. § 2000e-2 Plaintiff Rochelle Sims pleads a cause of action against the defendant for race discrimination.

20. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

21. Defendant engaged in discrimination against Plaintiff, an African-American female employee by paying her less than her colleagues based on her race.

22. The Plaintiff complained to both her supervisor and to the Defendant's Human Resources department as soon as she was made aware of the pay disparity.  Despite their awareness of the Plaintiff's complaint, the Defendant took no action to address the issue.  Subsequent to her complaint, the Plaintiff was demoted from her position in favor of her non-African American subordinate.

23. Plaintiff alleges that the Defendant paid her less than her colleagues or otherwise discriminated against her in violation of Title VII of the Civil Rights Act of 1964.

## VIII.
### CAUSES OF ACTION
### EQUAL PAY ACT

24. The Equal Pay Act of 1963 makes it unlawful to pay wages to members of the opposite sex on jobs that require equal skill, effort and responsibility and are paid under equal working conditions.  See 29 U.S.C. § 206(d)(1)(2000).  *See Corning Glass Works v. Brennan*, 417 U.S. 188 (1974); *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993).

25. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

26. Defendant violated the Equal Pay Act by paying Plaintiff Rochelle Sims less than her male counterparts for the position of Store Manager within Wells Fargo's Southwestern District.

27. Defendant Wells Fargo also paid Plaintiff Sims' subordinate Abdul Hannan less than her for a lower ranking position.

28. Plaintiff alleges that the Defendant violated the Equal Pay Act of 1963 by paying her less than her male colleagues.

## IX.
### TITLE VII RETALIATION

29. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "discriminate against any individual who has opposed any practice made unlawful under the statute."  See 42 U.S.C. § 2000e-3(a).

30. Pursuant to 42 U.S.C. § 2000e-3(a) Plaintiff pleads a cause of action against the Defendant for retaliation.

31. The allegations contained in all paragraphs of this complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

32. Plaintiff engaged in protected activity by reporting to her supervisor that she was being paid substantially less than her male subordinate and every other Store Manager in the region.

33. In response to this report, Defendant threatened to terminate Plaintiff's employment if she did not accept a demotion from the position of Store Manager to Business Specialist.

34. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

35. Plaintiff alleges that Defendant demoted her or otherwise discriminated against her in violation of Section 1981 of the Civil Rights Act of 1964.

## X.
### DAMAGES

36. Plaintiff has sustained damages as a result of Defendants' actions described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court, including, but not limited to: mental anguish and emotional pain and suffering in the past and future; impairment of reputation, personal humiliation; lost wages/back pay and benefits in the past and future; together with pre-judgment and post-judgment interest as allowed by law.

37. Plaintiff would further show that Defendant's actions were committed with malice or reckless indifference to the Plaintiff's rights. In order to punish this Defendant for its unlawful actions and to deter such acts in the future, Plaintiff seeks an award of punitive damages. *See Rojas v. TK Communications, Inc.*, 87 F.3d 745 (5th Cir. 1996).

38. Additionally, as a result of Defendants above-described actions and/or omissions, Plaintiff was required to retain counsel. Accordingly, Plaintiff also seeks compensation for attorney's fees, as well as out-of-pocket expenses and costs.

## XI.
### JURY DEMAND

39. Plaintiff hereby demands a trial by jury and tenders the jury fee.

## XII.
### PRAYER

For the reasons set forth above, Plaintiff Rochelle Sims respectfully prays that the Defendant be cited to appear and answer herein, and for the following relief:

   a. a judgment in Plaintiff's favor on all claims asserted in this complaint;

   b. judgment requiring Defendants to reinstate Plaintiff to her position as Store Manager;

   c. past and future wages;

   d. lost employment benefits;

   e. compensatory damages;

   f. punitive damages;

   g. pre-judgment and post-judgment interest as permitted by law;

   h. reasonable attorney's fees and costs; and

   i. for such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully Submitted,



By: _____
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District Bar No.: 713316
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL FOR PLAINTIFF:



Ronald E. Dupree
Texas Bar No.: 24055433
Southern District No.:
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Ronald.dupree@kennardlaw.com