# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROCHELLE SIMS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-3212 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Dkt. 15. Having considered the motion, response, reply, record evidence, and applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

In this employment discrimination case, plaintiff Rochelle Sims, an African American woman, worked as the branch manager of Wells Fargo's Waterside branch from 2010 to 2015. Dkt. 15-5. Initially, Wells Fargo paid Sims $50,147 and later increased her salary to $53,000. *Id.*

As branch manager, she reported to various district managers, including Riad Ali. Dkt. 16 at 7. Sims received many performance reviews from her district managers. Dkts. 15-6, 15-7, 15-8, 15-9, 15-10, 15-11, 15-12. Those performance reviews regularly indicated that Sims "[m]et some but not all key targets" or "[m]et all and may have exceeded some key targets." *Id.* The reviews also contained specific instances of positive and negative feedback. *Id.*

In 2013 and 2014, Sims received numerous awards for her job performance. Dkt. 16-3. Notably, she received one award on November 5, 2014. *Id.* Two days before, Wells Fargo placed

Sims on a Performance Improvement Plan ("P.I.P."). Dkt. 15-13. The P.I.P. alerted Sims that she fell below the bank's expectations in various areas and gave her a plan to improve as manager. *Id.*

Several months earlier in July 2014, Abdul Hannan transferred to Sims's branch as a business banking specialist. Dkts. 15-17, 15-18. As branch manager, Sims conducted Hannan's performance reviews. Dkt. 16-1 at 8. In March 2015, while conducting that review, Sims alleges that she learned the bank paid Hannan more than it paid her.[1] *Id.* When Sims learned about the pay gap with Hannan, she gathered information about the salaries of male, non-African American branch managers ("Counterparts"). *Id.* at 5. She claims that the bank paid her Counterparts more than it paid her. *Id.* at 7. Sims acknowledges that certain factors (such as performance, experience, and tenure) dictate a manager's salary, but she claims she outperformed the other managers with respect to several of those factors. *Id.* at 4–5, 9.

In the same month, Sims asked district manager Ali about her pay. Dkt. 16-1 at 8. She also discussed her pay with the bank's human resources department ("H.R."). Dkt. 15-2 at 17. Sims maintains that she specifically raised the issue of discrimination to H.R. Dkt. 16-1 at 10.

Ali spoke with H.R. multiple times about Sims's pay and performance as branch manager. Dkt. 15-4 at 13–14; Dkt. 15-25. In April 2015, Sims and Ali met. Dkt. 15-2 at 20. Sims alleges that Ali told her to step down from her position and become a business banking specialist, or Wells Fargo "would eat her lunch." *Id.* Then, Sims transferred to a different branch and took on the business banking specialist role. Dkt. 15 at 14. Wells Fargo adjusted Sims's pay to $25.47 per hour, which

---

[1]Wells Fargo claims that it paid Sims more than Hannan, not including Hannan's overtime compensation. Wells Fargo's evidence supports that claim. *Compare* Dkt. 15-5, *with* Dkt. 15-18 (indicating that Sims made $25.25 per hour in March 2015, resulting in an annual pay of $52,520 at 40 hours a week for 52 weeks).

equates to nearly $53,000 per year. Dkt. 15-5. Approximately a year after Sims's transfer, Wells Fargo promoted Hannan to manage a branch in Edison, New Jersey. Dkt. 15-29.

Sims sued Wells Fargo alleging: (1) gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) race discrimination under Title VII; (3) violation of the Equal Pay Act ("EPA"); and (4) retaliation under Title VII. Dkt. 1. In the instant motion, Wells Fargo seeks summary judgment on all of Sims's causes of action. Dkt. 15.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

**A.    Gender/Race Discrimination**

Sims alleges that Wells Fargo violated Title VII when it: (1) paid her less than Hannan and her Counterparts; and (2) demoted her and replaced her with Hannan, a non-African American male. Dkt. 1 at 4–5. Wells Fargo moves for summary judgment on those claims.

3

Title VII prohibits employers from discriminating based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). Where, as here, a plaintiff only relies on circumstantial evidence, courts apply the framework from *McDonnell Douglas*. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973)). Under *McDonnell Douglas*, Sims must first make a *prima facie* case of gender or racial discrimination. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). To establish her *prima facie* case, Sims must show that she was: (1) a member of a protected group; (2) qualified for the position in question; (3) subjected to an adverse employment action; and (4) replaced by someone outside of her protected class, or was treated less favorably than similarly situated persons outside of her protected class. *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).

If Sims makes that showing, the burden of production shifts to Wells Fargo to identify a legitimate, nondiscriminatory reason for the adverse employment action. *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir. 2003). Finally, Sims—who bears the ultimate burden of persuasion to prove discrimination—must raise a genuine issue of material fact that Wells Fargo's proffered nondiscriminatory reason is a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142–43, 120 S. Ct. 2097 (2000).

*1. Prima facie case*

Wells Fargo first argues that Sims cannot establish her *prima facie* case because she cannot produce any evidence showing that she suffered an adverse employment action or that the bank replaced her, or treated her less favorably than, someone outside her class. Dkt. 15 at 16. Sims

4

argues that the change of positions,[2] which Ali forced upon her, and the pay gap (with Hannan and with her Counterparts) count as adverse employment actions. Dkt. 16 at 10–12.

Wells Fargo challenges the alleged pay gap with Hannan by arguing that it paid Hannan less than Sims and that he does not count as a similarly situated comparator. Dkt. 15 at 16. The court agrees. Sims was a branch manager and Hannan was a business banking specialist. Sims produces no evidence she and Hannan were similarly situated.[3] Without any such evidence, Sims does not have a claim for discrimination based on the pay disparity, if any, between them.

However, Sims raises a material fact issue regarding the pay gap with her Counterparts. In her deposition, Sims stated that she knew that the bank paid her Counterparts more than she was paid.[4] Dkt. 15-2 at 7. Thus, the amount the bank paid her Counterparts constitutes a material fact issue. Because there is a material fact issue on Sims's ability to establish her *prima facie* case, summary judgment is not appropriate on that ground.

---

[2] In her complaint, Sims argues that she was replaced as branch manager by Hannan. Dkt. 1 at 3. Sims seems to abandon that argument in her response to Wells Fargo's motion for summary judgment. Further, no evidence supports that assertion. Thus, Sims cannot establish her *prima facie* case for her demotion because she provides no evidence that she was replaced by someone outside her class or treated less favorably than similarly situated persons outside her class.

[3] In an unrelated section of her response, Sims argues that "[t]here is no question that Mr. Hannan took over many of the duties that Ms. Sims performed as a Branch Manager when he transferred to her location." This unsupported claim is no evidence that Hannan did, in fact, share responsibilities and duties with Sims.

[4] Wells Fargo conclusorily asserts that Sims relies on speculation, rumors, and inadmissible hearsay to support her claim. Dkt. 15 at 16. However, Wells Fargo does not object to any piece of evidence proffered by Sims, and certainly not with any specificity. Thus, the court will consider the evidence Sims relied on.

## 2. Legitimate, nondiscriminatory reason

Next, Wells Fargo argues that even assuming Sims makes her *prima facie* case, summary judgment is still proper because the bank had a legitimate, nondiscriminatory reason for any pay disparity and because Sims cannot prove that the bank's reason was pretextual. Dkt. 15 at 17.

Wells Fargo meets its burden of showing a legitimate, nondiscriminatory reason. Wells Fargo's burden is "'exceedingly light,'" and it "'must merely proffer non[discriminatory] based reasons, not prove them.'" *Lenihan v. Boeing Co.*, 994 F. Supp. 776, 798 (S.D. Tex. 1998) (quoting *Meeks v. Comput. Assocs. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994)). Wells Fargo produces evidence that it uses a branch manager's performance, experience, and tenure to determine that manager's salary. Dkt. 15-2 at 4–5. Thus, to the extent that the bank paid any other branch manager more than Sims, it argues the pay disparity was because of that specific manager's performance, experience, and tenure. Dkt. 15 at 18.

## 3. Pretext

Because Wells Fargo proffers a legitimate, nondiscriminatory reason for any pay disparity, Sims must raise a material fact issue on pretext to defeat summary judgment. *Reeves*, 530 U.S. at 142–43. Sims does so.

In her deposition, Sims stated that she knew "that [she] performed above as a store manager on [her] audits above [her Counterparts]." Dkt. 15-2 at 9. She explained that she had stronger customer service scores and more tenure than some managers. *Id.* Viewing the evidence in a light most favorable to Sims, she raises a material fact issue of whether Wells Fargo's nondiscriminatory reason was pretextual. Thus, Wells Fargo's motion is DENIED as to Sims's Title VII discrimination claims.

B.   **Equal Pay Act**

Sims alleges that Wells Fargo violated the EPA by paying Hannan and her Counterparts more than she was paid. Dkt. 1 at 6. Again, the bank argues that Sims cannot establish her *prima facie* case. Dkt. 15 at 19. Sims argues that Hannan is a comparator for the purposes of her EPA claim and that the bank paid him more than it paid her. Dkt. 16 at 16.

The EPA requires covered employers to pay employees of opposite sexes equal wages "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To establish her *prima facie* case, Sims must show: "(1) that her employer is subject to the Act; (2) that she performed work in a position requiring equal skill, effort[,] and responsibility under similar working conditions; and (3) that she was paid less than members of the opposite sex." *Jones v. Flagship Int'l*, 793 F.2d 714, 722-23 (5th Cir. 1986); *see also Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). If Sims does so, the burden shifts to Wells Fargo to demonstrate that it made disparate wage payments pursuant to: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) a differential based upon any factors other than sex. *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 723 (5th Cir. 2011).

Wells Fargo argues that Sims cannot produce evidence that it paid her less than her Counterparts.[5] Dkt. 15 at 19. Further, the bank argues that Hannan cannot be Sims's comparator. *Id.* at 20. Thus, Wells Fargo claims that Sims fails to meet her initial burden. *Id.*

---

[5]Sims does not respond to this argument, and thus it is unopposed. S.D. Tex. L.R. 7.4. However, Wells Fargo still bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.

While the court agrees that Hannan fails as a comparator, the bank fails to demonstrate the absence of a material fact issue regarding the pay of Sims's Counterparts. Wells Fargo claims that Sims admits that she can only speculate that she was paid less than her Counterparts. *Id.* at 19. But, the evidence demonstrates a material fact issue.

In her deposition, Sims indicated that she can only speculate as to the salary of her Counterparts. Dkt. 15-2 at 7 ("Q. First of all, do you know what their pay was, any of [your Counterparts]? A. Not exactly."). However, Sims stated that she is aware that Wells Fargo paid those Counterparts more than she was paid. *Id.* Sims can have personal knowledge that her Counterparts were paid more than she was paid without having personal knowledge of their salaries. Thus, whether the bank paid Sims's Counterparts more than it paid her is a material fact issue, and summary judgment is inappropriate. Wells Fargo's motion is DENIED as to Sims's EPA claim.

## C.  Retaliation

Sims alleges that Wells Fargo retaliated against her when it demoted her for complaining to Ali about her pay. Dkt. 1 at 7. Wells Fargo argues that Sims cannot establish her *prima facie* showing of retaliation. Dkt. 15 at 21. Further, Wells Fargo argues that even if she could, Sims cannot point to any evidence showing that the bank's reason for the demotion was pretextual. *Id.* at 23. Sims responds that she makes her *prima facie* case and provides sufficient evidence that the bank would not have demoted her but for her protected activity. Dkt. 16 at 17–18.

To make her *prima facie* showing in a retaliation case, Sims "must show that (1) [s]he engaged in conduct protected by Title VII; (2) [s]he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015). If Sims does so, the burden shifts to Wells Fargo to demonstrate a legitimate, non-retaliatory reason for the adverse employment action.

*Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). Sims then assumes the burden to present proof that the bank's stated reason is pretextual. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Under this framework, Sims's ultimate burden is to prove that the adverse employment action would not have occurred "but for" her protected conduct. *Pineda*, 360 F.3d at 487. In other words, "this requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S. Ct. 2517, 2533 (2013); *see also Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996).

1. *Prima facie case*

Wells Fargo argues that Sims's *prima facie* case fails because she cannot present any evidence that she engaged in protected conduct or that a causal connection exists between any protected conduct and her demotion.[6] Dkt. 15 at 21. Sims argues that she engaged in protected conduct when she complained about her pay to Ali and to H.R.[7] Dkt. 16 at 17–18.

Wells Fargo correctly asserts that the alleged protected conduct must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue. *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010). As for her complaints to Ali, Sims points to no evidence that she raised any issues of discrimination. Rather, the evidence only shows that Sims asked about her pay. Dkt. 16-1 at 9 ("I had already reached out to [Ali]. And when I did,

---

[6]Wells Fargo seems to suggest that the change in position was not a demotion and was Sims's voluntary choice. Dkt. 15 at 22. However, for the purposes of this motion, Wells Fargo fails to argue whether the position change constitutes an adverse employment action. Thus, the court need not consider that potential ground for summary judgment.

[7]In her complaint, Sims only asserts that her complaint to Ali constituted a protected activity. Dkt. 1 at 7. But, the court finds that, reading the complaint as a whole, it can be construed broadly enough to allege that the complaint to H.R. also constituted a protected activity.

9

I had reached out to human resources as well about my pay."); Dkt. 15-2 at 19 ("[Ali] came into the branch and we sat and spoke and I asked him about my concerns about my pay."). Sims points to no evidence to raise a fact issue regarding whether she alerted Ali to concerns of discrimination. Thus, Sims's complaints to Ali do not constitute protected conduct.

But, Sims raises a material fact issue regarding her complaints to H.R. Wells Fargo suggests that Sims cannot show that her complaints were based on discrimination. Dkt. 15 at 22. However, Sims points to evidence that she did raise that issue with H.R. Dkt. 16-1 at 10 ("Q. Is there anything else you can remember about your conversation with the woman [in H.R.]? A. Not that I recall outside of my concerns about the discrimination and the retaliation that I was going through."). Thus, Sims provides evidence that she engaged in protected conduct.

Further, a material fact issue exists on causation. Sims's *prima facie* case only requires her to show that she made a complaint, her supervisor knew about the complaint, and her supervisor took adverse action against her after learning of the complaint. *See Long*, 88 F.3d at 306. Wells Fargo admits that Ali spoke with H.R. about Sims's complaint to the department. Dkt. 15 at 12. After that conversation, he met with Sims and demoted her. *Id.* at 14.

Because material fact issues exist on two *prima facie* elements of Sims's retaliation claim, summary judgment is not appropriate on that ground.

### 2. *Legitimate, non-retaliatory reason*

Next, Wells Fargo argues that its legitimate, non-retaliatory reason for the demotion and Sims's inability to prove pretext warrants summary judgment. *Id.* at 23.

Wells Fargo produces evidence that it made Sims transfer from branch manager to business banking specialist because Ali thought Sims would be "better suited" in the latter role. Dkt. 15-2 at 20. Further, Wells Fargo produces evidence that Sims was struggling to perform as branch

manager, giving Ali reason to make her transfer. *See* Dkts. 15-6, 15-7, 15-9, 15-10, 15-11, 15-12, 15-13, 15-14, 15-23. This reason, "taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742 (1993). Thus, "the focus shifts to the ultimate question of whether the defendant unlawfully retaliated against the plaintiff." *Long*, 88 F.3d at 305.

    *3.    Pretext*

Because Wells Fargo has provided a legitimate, non-retaliatory reason for the demotion, Sims must provide enough evidence to raise a material fact issue that the demotion would not have occurred "but for" the protected activity in order to defeat summary judgment. *Id.* at 308. In other words, Sims must provide evidence that the reason proffered by the bank was a pretext. *Id.*

Viewing the evidence in the light most favorable to Sims, a material fact issue exists on the reason for Sims's demotion. Sims produces evidence that throughout 2013 and 2014, she received numerous awards for her performance as branch manager. Dkt. 16-3. Wells Fargo alleges that Sims failed to meet expectations as branch manager during that same time period. Dkt. 15 at 10. Notably, Sims received one award just two days after the bank placed her on the P.I.P. Dkt. 16-3 at 10; Dkt. 15-13 at 2. While Sims admits that her performance reviews are fair, the question still remains if the performance reviews justified her demotion, especially when viewed in light of Sims's awards.

Wells Fargo's evidence suggests that its justification for demoting Sims was not pretextual, but the "evidence is not of such magnitude that a reasonable jury could *only* find in their favor." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 225 (5th Cir. 2000). Thus, summary judgment is inappropriate and Wells Fargo's motion is DENIED as to Sims's retaliation claim.

## IV. Conclusion

Because Sims produces enough evidence to raise material fact issues on her causes of action, Well Fargo's motion for summary judgment (Dkt. 15) is DENIED.

It is further ORDERED that the joint motion for continuance (Dkt. 20) is DENIED.

Signed at Houston, Texas on February 7, 2018.

_____
Gray H. Miller
United States District Judge